UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT LINDERS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:05CV1489 CDP |
| | ) |
| MN AIRLINES, LLC d/b/a | ) |
| SUN COUNTRY AIRLINES, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before me on Sun Country's motion to dismiss plaintiffs' complaint as barred by the applicable statute of limitations. Because the action is untimely, I will grant defendant's motion.

## Legal Standards

A plaintiff's complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief. Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When analyzing the adequacy of a complaint under Rule 12(b)(6), the court

must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff.  Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).  Under these standards I review the facts in this case.

**Background Facts**

On June 27, 2001, Robert Linders and his family boarded a Sun Country airplane in St. Louis, Missouri and traveled to Cancun, Mexico.  Linders slipped and fell down the stairs while exiting the aircraft in Cancun, injuring his back.  On January 8, 2002, creditors of Sun Country filed an involuntary petition for bankruptcy in the United States Bankruptcy Court for the District of Minnesota.[1]  Thereafter, on October 3, 2002, Linders filed a timely proof of claim against Sun Country in bankruptcy court for the injuries he sustained as a result of his fall.  The bankruptcy court lifted the automatic stay to permit Linders to pursue his claims against Sun Country in "late 2004."[2]

The instant action was originally filed in the Circuit Court of the City of St. Louis, Missouri on April 27, 2005, and timely removed to this Court on September

---

[1] Under the automatic stay provisions of the Bankruptcy Code, once the petition for bankruptcy was filed plaintiffs were precluded from prosecuting this action against Sun Country absent leave of court.

[2] Plaintiffs do not provide an exact date to the Court, and the copy of the stipulation granting relief from stay -- which is attached as an exhibit to plaintiffs' opposition -- is undated.  The Court will assume for purposes of deciding this motion only that the relief from stay was entered on December 31, 2004.

15, 2005. In the complaint, Linders alleges that his fall was caused by the negligence of Sun Country and its "John Doe" employees[3], and he seeks damages for his personal injuries as a result. Linders also alleges that Sun Country breached its implied contract of safe passage and transport. His wife, Jennifer Linders, brings a loss of consortium claim.

## Discussion

Despite the fact that the complaint alleges only state-law claims, plaintiffs now concede that their action for personal injuries arising out of an international flight is governed exclusively by the Warsaw Convention.[4] El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 161 (1999); Husmann v. Trans World Airlines, Inc., 169 F.3d 1151, 1153 (8th Cir. 1999) (state-law claims against airline for personal injuries sustained while embarking on an international flight were completely preempted by Warsaw Convention). Sun Country moves to dismiss plaintiffs' action as barred by the two-year statute of limitations contained in Article 29 of the Warsaw Convention.[5]

---

[3]Plaintiffs have yet to identify or serve the "John Does I-IV" defendants.

[4]The Warsaw Convention is the popular name of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, art. 29. 49 Stat. 3000, T.S. No. 876 (1934), reprinted in 49 U.S.C. § 40105 note (1994).

[5]Article 29 of the Warsaw Convention provides that "the right to damages shall be extinguished if an action is not brought within two years, reckoned from the date of arrival at the

Plaintiffs oppose dismissal on several grounds. First, plaintiffs contend that Sun Country is not entitled to rely upon the two-year statute of limitations because it has not offered proof that Linders' airline ticket contained a statement that his travel was subject to the Warsaw Convention. In support of this argument, plaintiffs point to Article 3 of the Warsaw Convention, which requires a carrier to provide a passenger with a ticket containing "a statement that the transportation is subject to the rules relating to liability established by this convention." Article 3(2) provides that if a carrier accepts a passenger without a ticket containing the required information, then the contract of transportation "shall none the less be subject to the rules of the convention," but the carrier "shall not be entitled to avail [itself] of those provisions of this convention which exclude or limit [its] liability." Plaintiffs' argument fails because the two-year statute of limitations contained in Article 29 of the Warsaw Convention is not a provision that limits or excludes liability. Molitch v. Irish Int'l Airlines, 436 F.2d 42, 44 (2d Cir. 1970). Therefore, even absent proof of a ticket, plaintiffs' claims remain subject to the two-year limitations period of Article 29 of the Warsaw Convention.

Plaintiffs next contend that their complaint is timely because Linders filed a

---

destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped."

proof of claim in the bankruptcy court within the two-year period. Plaintiffs argue that this filing constitutes an "action" for purposes of meeting the limitations period of Article 29. Alternatively, plaintiffs maintain that filing the proof of claim tolled the statute of limitations from running until the automatic stay was lifted. Plaintiffs' arguments fail for two reasons. First, filing a proof of claim in bankruptcy court does not constitute the commencement of "an action." See Easley v. Pettibone Michigan Corp., 990 F.2d 905, 912 (6th Cir. 1993). Under Federal Rule of Civil Procedure 3 and Missouri Rule of Civil Procedure 53.01, a "civil action" is commenced only by the filing of a complaint or petition. As the Sixth Circuit Court of Appeals recognized in Easley, "[t]here are significant differences between a bankruptcy claim and a civil complaint." Id. Second, the Warsaw Convention's two-year statute of limitations cannot be tolled. Husmann, 169 F.3d at 1153-54 ("[T]he time limitation in Article 29 [is] a condition precedent to suit, a kind of limitation that is often deemed not subject to tolling.") (internal citations and quotation marks omitted).

Because plaintiffs filed their proof of claim before the limitations period expired, the Bankruptcy Code provides that the instant civil action for damages would be timely if "commenced within thirty days after . . . expiration of the stay." Id. Even if the automatic stay was lifted by the bankruptcy court on December 31,

2004, plaintiffs' complaint is still untimely filed. Plaintiffs commenced the instant litigation in state court on April 27, 2005, well outside the thirty-day period contained in the Bankruptcy Code. See 11 U.S.C. § 108(c)(2). As such, plaintiffs' claims are filed beyond the two-year statute of limitations period contained in the Warsaw Convention and must be dismissed.[6]

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#9] is granted, and plaintiffs' complaint is hereby dismissed.

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2006.

---

[6] Because the Warsaw Convention's statute of limitations bars all of plaintiffs' claims for personal injuries in this case, I am also dismissing their negligence claims against Sun Country's employees (named in this action as "John Does I-IV") even though they have yet to be identified or served by defendants.